MATTHIAS MASTIN, plaintiff in error, *v.* RUSSELL TON-
CRAY, defendant in error.

*Error to Schuyler.*

Where the plaintiff declares upon a special contract, there is no rule better set-
tled, than that the proof and the allegations in the declaration must correspond.
A declaration, averring that the defendant was to deliver to the plaintiff the pork
of nineteen hogs, is not sustained by proof that he was to deliver to him all the
pork he could spare.
A declaration alleged that the defendant agreed to deliver to the plaintiff the pork
of nineteen hogs, and on the trial the Court instructed the jury, at the instance
of the plaintiff, that it was not necessary that the number of hogs to be deliv-
ered should be proved as alleged : *Held,* that the instruction was erroneous.

THIS cause was heard at the June term, 1837, of the Schuyler
Circuit Court, before the Hon. James H. Ralston and a jury.   A
verdict was rendered for the plaintiff for $ 16.   Judgment was en-
tered upon this verdict.

W. A. RICHARDSON and G. W. P. MAXWELL, for the plaintiff
in error, cited 2 Stark. Ev. 83 – 86, and note to 85 ; 4 Bibb 495 ;
1 Chit. Plead. 334, 338 ; 8 Johns. 253 ; 18 Johns. 453 ; 2
East 4.

S. T. LOGAN, E. D. BAKER, and J. SEMPLE, for the defendant
in error.

BROWNE, Justice, delivered the opinion of the Court :
This was an action of *assumpsit,* brought by the plaintiff, Ton-
cray, in the Circuit Court of Schuyler county, against Mastin.
The declaration contains four counts, each on a special contract for
the delivery of the pork of nineteen hogs, by the defendant to the
plaintiff, on or about Christmas, in Rushville ; the pork to be paid
for at the time of delivery.   The first three counts of the declara-
tion state the price of the pork to be at the rate of four dollars and
fifty cents per hundred weight ; the last count at the rate of four
dollars and seventy-five cents per hundred weight.   The first and
third counts, in addition to the pork of nineteen hogs, added the pork
of two other hogs, upon certain conditions.   All the counts allege
a tender of the money.   To the declaration the defendant pleaded
the general issue.   Verdict and judgment were rendered for the
plaintiff.   To reverse the judgment, this writ of error is brought.
The whole of the plaintiff's evidence is embodied in the bill of ex-
ceptions ; which proved the contract to be, that the defendant was
to deliver to the plaintiff all the pork he could spare.   The defend-
ant, by his counsel, moved the Court to instruct the jury to find
for the defendant, as in case of a nonsuit.   But the Court over-
ruled the motion, and refused to give the instruction.

The defendant, by his counsel, then moved the Court to instruct the jury, that if they believed, from the evidence, that the contract between the plaintiff and defendant was, that the defendant should deliver as much pork as he could spare, and that said pork was to be delivered at defendant's house in the country, they must find for the defendant; that a contract to deliver nineteen hogs is not supported by evidence that the defendant agreed to deliver as much pork as he could spare; which instructions the Court refused to give. The plaintiff's counsel then moved the Court to instruct the jury, that it was not necessary that the number of hogs to be delivered should be proved as alleged; which latter instruction the Court gave. To all these instructions, the defendant, by his counsel, excepted. The Court erred in refusing to give the instructions as asked for by the counsel for the defendant, and likewise erred in giving the instructions to the jury as asked for by the plaintiff. Where the plaintiff, in his declaration, declares upon a special contract, there is no rule better settled, than that the proof and the allegations in the declaration must correspond. The judgment of the Circuit Court of Schuyler county must be reversed, with costs, and the cause remanded to the Circuit Court, with instructions to issue a *venire de novo.*

*Judgment reversed.*

*Note.* See note to Bryan *et al. v.* Smith, *Ante* 50.